[Civ. No. 8202. Second Appellate District, Division One.—March 7, 1932.]

IOLA B. INGALLS, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Robert E. Rosskopf for Petitioner.

McAdoo, Neblett & Clagett and B. H. Neblett for Respondents.

TAPPAAN, J., *pro tem.*—The action involved here was filed by the petitioner as plaintiff against Clifford F. Reid, Inc., a corporation, and J. P. Treleven, defendants, in the Superior Court in and for the County of Los Angeles. The complaint was in two counts, the first count setting up a cause of action based upon fraud alleged to have been

practiced upon plaintiff by defendants in the procuring from her of a contract to purchase certain real property. There are allegations of the payment by plaintiff to defendants of the sum of $1900, and of the service upon defendants of a notice of rescission of the contract. The second count of the complaint is one for money had and received. The prayer for judgment demands the cancellation of the contract and the return of the money paid thereunder. The answer of the defendants is in effect a general denial of the allegations of the complaint.

When the cause came on for trial before the Superior Court defendants objected upon the ground that the court was without jurisdiction to hear and determine it, and the trial court sustained the objection so made and dismissed the action. Thereupon petitioner filed her petition in this court for a writ of mandate to compel the Superior Court to exercise jurisdiction over said cause and proceed to hear and determine said cause upon its merits. The questions of law involved in this proceeding are raised by demurrer to the petition. ■ "It is a definitely settled rule that where a court has jurisdiction of a cause it should not be permitted by an arbitrary or erroneous order to divest itself of jurisdiction, but it should be compelled to proceed with the case to judgment. *Mandamus* is an appropriate remedy. (*Golden Gate Tile Co.* v. *Superior Court,* 159 Cal. 474 [114 Pac. 978].)" (*Pacific States Corp.* v. *Superior Court,* 72 Cal. App. 241, 244 [236 Pac. 938, 939].) ■ The principal question here presented is as to whether the cause of action as stated in the complaint is of an equitable nature and so within the exclusive jurisdiction of the Superior Court, or one at law, and properly within the jurisdiction of the municipal court. The trial court in dismissing the action held it was one at law and therefore should have been instituted in the municipal court. In this the trial court was in error.

Though different phases of this matter have on numerous occasions been before our courts and the decisions have not always been harmonious, the matter has been definitely settled by the case of *Stone* v. *Superior Court,* 214 Cal. 272, [77 A. L. R. 743, 4 Pac. (2d) 777]. The authorities cited upon this petition and demurrer are in the main discussed in

the opinions in that case and it would be but a work of supererogation to again state them here.

Let the peremptory writ issue.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 5, 1932, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 2, 1932.