[S. F. No. 15134. In Bank.—February 20, 1935.]

ARTHUR J. BRIX, Respondent, v. PEOPLES MUTUAL LIFE INSURANCE COMPANY (a Corporation), Appellant.

A. B. Weiler, Niles C. Cunningham and Glensor, Clewe, Schofield & Van Dine for Appellant.

F. Eldred Boland, Newlin & Ashburn, William D. Gallagher, Jr., and McCutchen, Olney, Mannon & Greene, as *Amici Curiae* on Behalf of Appellant.

Samuel M. Samter and J. J. Posner for Respondent.

Stanley F. Davie and Eugene K. Sturgis, as *Amici Curiae* on Behalf of Respondent.

CURTIS, J.—This action was brought to recover on an accident insurance policy issued by the defendant in favor of the plaintiff. The policy provided that in case the insured was accidentally injured and such injury "shall wholly and continuously disable the Insured from performing any and every kind of duty pertaining to his occupation for one day or more, so long as the Insured lives and suffers total loss of time, the Company will pay a monthly indemnity at the rate of One Hundred ($100) Dollars". The complaint is in two counts. The first count contains proper and sufficient allegations showing the execution and delivery of the policy of insurance; that while said policy was in full force the plaintiff suffered permanent accidental injuries of the character covered by the policy, specifying

the nature of such injuries; and that said injuries had wholly and continuously disabled the insured from performing any and every kind of duty pertaining to his occupation. This count of the complaint continues and alleges the giving of notice of such injury to the insurer and the presentation by the insured to the insurer of proofs of loss as provided by said policy; that the insurer had paid four monthly payments of $100 each in compliance with the terms of said policy, but had failed and refused to pay any monthly indemnities for any month subsequent to the month of January, 1930, and that since said date no part of said monthly indemnities of one hundred dollars ($100) each had been paid. The second count of the complaint in paragraph I thereof by reference makes the allegations contained in the first count a part of the second count and contains one additional paragraph designated as paragraph II, which purports to state a cause of action for declaratory relief under section 1060 of the Code of Civil Procedure. To the complaint and to each count thereof, the defendant filed a general and special demurrer. It also demurred to the first count on the ground that the court had no jurisdiction of the subject-matter thereof. The demurrers were overruled and the defendant answered. The trial resulted in a judgment in favor of the plaintiff in the sum of $1300 and interest. The court also further adjudged: "that plaintiff have and recover from the defendant the sum of one hundred ($100) per month commencing with the month of March, 1931 (the trial was had on March 23, 1931), during the rest and remainder of plaintiff's natural life". From the judgment the defendant has perfected the present appeal.

 It is first contended by appellant that the court had no jurisdiction of either of the causes of action as set forth in plaintiff's complaint. This contention we think must be sustained. However, it appears that defendant in addition to its answer, in which it denied all liability under said policy of insurance also filed a cross-complaint. The matters pleaded in said cross-complaint were such as only a court of equity then had jurisdiction of, and could be litigated only in the superior court. In 1933, the municipal courts were given jurisdiction to cancel written instruments under certain limited conditions. (Stats. 1933, p. 1811.) The judgment in this action was rendered on September 17,

1931. This action, therefore, was, of course, not affected by the subsequent legislation of 1933. The question is therefore presented as to whether the filing of said cross-complaint by the defendant gave the court jurisdiction over the subject-matter of the controversy between the plaintiff and defendant. In our former opinion in this court we overlooked this question and it was for the purpose of giving consideration to this matter that the petition of plaintiff for a rehearing was granted.

In the case of *Cloverdale Union H. S. Dist.* v. *Peters*, 88 Cal. App. 731, 736 [264 Pac. 273], the court quotes with approval the following statement of the law upon this subject by the Supreme Court of the United States: "By setting up its counterclaim the defendant became a plaintiff in its turn, invoked the jurisdiction of the court in the same action, and, by invoking, submitted to it. . . . " (*Merchants Heat & L. Co.* v. *James B. Clow & Sons*, 204 U. S. 286 [27 Sup. Ct. 285, 51 L. Ed. 488].) To the same effect are: *Coggins* v. *Superior Court*, 127 Cal. App. 412 [16 Pac. (2d) 148], *Fair View Farms Co.* v. *Superior Court*, 123 Cal. App. 9 [10 Pac. (2d) 1011], *Ingalls* v. *Superior Court*, 121 Cal. App. 453 [9 Pac. (2d) 266], and *Freligh* v. *McGrew*, 95 Cal. App. 251 [272 Pac. 791]. In the last-cited case the court states the rule as follows: "Suits for judicial rescission and cancellation of contracts are essentially equitable actions of which the municipal court has no jurisdiction." The rule governing this case is, in our opinion, succinctly stated as follows: "Nevertheless, the trial court had jurisdiction to adjudicate all matters in controversy between the appellant and the appellee for the reason that the appellant prayed that his answer to appellee's complaint be taken as a cross-bill against the appellee and asked that the deed from Moody to appellee be canceled and that he have damages for the breach of the lease contract between himself and Moody. This gave the court jurisdiction over the subject-matter of the controversy between the appellant and the appellee, and, having acquired jurisdiction for any purpose, the trial court correctly exercised it for the purpose of settling the rights of the parties to the action." (*Du Fresne* v. *Paul*, 144 Ark. 87 [221 S. W. 485].) It is not necessary to cite further authorities as the above are sufficient to establish the contention of the plaintiff that the

defendant by the filing of its cross-complaint in which it
sought to have the court decree a cancellation of the policy
of insurance, thereby invoked the jurisdiction of the supe-
rior court, not only to try the issue arising out of said
cross-complaint, but to determine the entire controversy be-
tween the parties to the litigation.

The appellant makes a further attack upon the judg-
ment, in which a number of *amici curiae* join, and contends
that that part of said judgment is erroneous in which the
court adjudged that plaintiff might recover the sum of
$100 per month from the date of the trial during the rest
and residue of his natural life. Respondent seeks to sus-
tain this continuing judgment under the second count of
his complaint in which he sought not only for affirmative or
consequential recovery but for declaratory relief under the
provisions of section 1060 of the Code of Civil Procedure.
This was evidently the opinion of the trial court in render-
ing the judgment not only for the monthly payments which
had accrued under the policy of insurance at the date of
the trial, but thereafter during the life of the respondent.
That judgments for future payments under installment con-
tracts, even without allegations for declaratory relief, have
been upheld in certain jurisdictions, is apparent from a
reading of the reported decisions of certain states, and par-
ticularly those from the state of Kentucky. (*Equitable Life
Assur. Society* v. *Branham,* 250 Ky. 472 [63 S. W. (2d)
498] ; *Prudential Ins. Co.* v. *Hampton,* 252 Ky. 145 [65
S. W. (2d) 980].) The first of these two decisions was
rendered without the citation of any supporting authority,
but upon precedents afforded in cases of alimony and com-
pensation under workmen compensation acts. The second
of these cases was decided upon the sole authority of the
first. We are not inclined to accept these decisions as de-
cisive of the question involved herein. It seems that a clear
distinction may be made between an action upon an insurance
policy, or other contract payable in installments, and a claim
for alimony or for compensation under the workmen com-
pensation acts. The former are strictly actions on the
contract, while the latter are predicated upon statutory en-
actments expressly empowering the court in one instance
and the Industrial Accident Commission in the other in-
stance to adjudicate future payments. Plaintiff also relies

upon the case of *Fleming* v. *Peterson*, 167 Ill. 465 [47 N. E. 755], which at first blush would seem to support the trial court in the entry of the judgment herein. However, a closer study of that case shows that it was a suit in equity brought to enforce specific performance of a contract entered into by the parties therein. The plaintiff in said action had secured a divorce from the defendant and in the judgment in said action the defendant was required to pay her the sum of $125 per month. Subsequently the parties to said suit substituted for said judgment a contract whereby the defendant agreed to pay plaintiff the sum of $125 per month, payable quarterly, and plaintiff satisfied the judgment for alimony. The case was further involved by certain other provisions of said contract. The defendant made payments under the contract up to a definite date, and thereafter refused to comply further with its terms. Plaintiff then brought a suit in equity to enforce specific performance, which resulted in a decree of the court in her favor. This decree was affirmed on appeal. It is quite evident that that proceeding is so different from the instant case as to render it but slight if any authority supporting the judgment now under review. It is not necessary for us to distinguish the other cases cited by defendant. They are either, in our opinion, decided upon an erroneous principle of law, or they are based upon statements of fact so different from those involved in the present action as to render them of slight if any aid in the decision of any question now before us. This statement is applicable to two California cases cited by plaintiff: *Newman* v. *Burwell*, 216 Cal. 608 [15 Pac. (2d) 511], and *Estate of Caldwell*, 129 Cal. App. 613 [19 Pac. (2d) 9]. The first of these actions was brought by the divorced wife of a decedent against the executor of the will of said decedent to establish a claim against said estate and to have impounded funds of the estate sufficient to pay and discharge said claim. The claim was based upon a decree of divorce whereby the wife was awarded the custody of the minor child and the husband was directed to pay to the wife $50 per month until the further order of the court. The claim was for the maximum amount necessary to pay and discharge the monthly installments accruing since the decedent's death and which would thereafter accrue until such time as the child should

reach her majority. A demurrer to the complaint setting forth the foregoing facts was sustained by the trial court, but this court reversed the judgment. No useful purpose is to be gained by a lengthy consideration of the differences between the facts in that case and those in the present action. We think it is apparent that the two cases differ so materially that the cited case is in no way parallel with the instant action and cannot be accepted as an authority in support of the judgment in the present action. The facts in the case of *In re Caldwell, supra,* were in all material respects like those in the case of *Newman* v. *Burwell, supra.* That case was decided on the authority of *Newman* v. *Burwell, supra,* upon the only point raised on appeal and that was that the claim for the support of the minor child of the deceased did not abate with his death. We reiterate our former statement that these cases cited by plaintiff are not of material aid in the solution of the problem now before us.

The authority most nearly in point to which our attention has been directed is the case of *Green* v. *Inter-Ocean Casualty Co.,* decided by the Supreme Court of North Carolina and reported in 203 N. C. 767 [167 S. E. 38]. That was an action brought to recover installments which had already accrued on an insurance policy. Plaintiff claimed permanent disability and sued for unpaid installments and for declaratory relief. The jury found plaintiff to be permanently disabled, and the trial court granted judgment for the accrued installments and in addition for monthly indemnity (as provided in the policy) so long as the plaintiff shall live. The Supreme Court modified the judgment by striking out the last provision of the judgment relating to unaccrued indemnity payments. In doing so the court used the following pertinent language: "The plaintiff mistakes the purpose of the Declaratory Judgment Act . . . in assuming that judgment, in an ordinary controversy like the present one, comes within the provisions of said act. It is quite obvious from the complaint that this is an action to recover under an insurance policy and that the alleged cause of action had already accrued."

Nor do we think that plaintiff's claim that he is entitled to a continuing judgment for unaccrued installments during the balance of his life, is supported by section

3283 of the Civil Code which provides that, "Damages may be awarded, in a judicial proceeding, for detriment resulting after the commencement thereof, or certain to result in the future." This section, in our opinion, simply refers to damages that may accrue in the future as the proximate result of the tort or breach of contract upon which the action is based. In the present action the breach of the contract was the failure of the defendant to pay the accrued installments. This default in the payment of these accrued installments did not work a breach of the entire contract, "the contract still subsists as to future benefits, and the default only affects the rights of the parties as to benefits accrued. It is obvious that it does not work a breach as to future benefits, since, as to such, the liability of the defendant has not become fixed, but remains contingent upon the condition of the plaintiff being such as to entitle him to demand them". (*Robinson* v. *Exempt Fire Co.*, 103 Cal. 1, 3 [36 Pac. 955, 42 Am. St. Rep. 93, 24 L. R. A. 715].)

The books are filled with cases in which actions have been brought to recover upon insurance policies similar to the one here involved in which the insured has attempted to recover judgment not only for accrued payments, but has also sought an adjudication as to installments not yet due. While the decisions upon the right of the plaintiff in such character of actions to recover for installments which have not yet accrued are not entirely uniform, the great weight of authority is to the effect that, in such actions, recovery cannot be had for any installments falling due in the future. We cite only a few of such cases: *Robinson* v. *Exempt Fire Co., supra; Atkinson* v. *Railroad Employees' Mutual Relief Society*, 160 Tenn. 158 [22 S. W. (2d) 631]; *New York Life Ins. Co.* v. *English*, 96 Tex. 268 [72 S. W. 58]; *Bonslett* v. *New York Life Ins. Co.*, (Mo.) 190 S. W. 870; *Commercial Casualty Ins. Co.* v. *Campfield*, 243 Ill. App. 453; *Metropolitan Life Ins. Co.* v. *Day*, 145 Ga. 425 [89 S. E. 576]; *Mid-Continent Life Ins. Co.* v. *Christian*, 164 Okl. 161 [23 Pac. (2d) 672]; *Metropolitan Life Ins. Co.* v. *Lambert*, 157 Miss. 759 [128 So. 750]; *State Life Ins. Co.* v. *Atkins*, (Tex. Civ. App.) 9 S. W. (2d) 290; *Green* v. *Inter-Ocean Casualty Co., supra; Garbush* v. *Order of United Commercial Travelers*, 178 Minn. 535 [228 N. W. 148]; *Howard* v. *Benefit Assn. of Railway Employees*, 239 Ky. 465 [39 S. W.

(2d) 657, 81 A. L. R. 375] ; *Washington County* v. *Williams,*
111 Fed. 801 [C. A. 8th Cir.]. In *Atkinson* v. *Railroad Em-
ployees' Mutual Relief Society, supra,* the court declared
the law as follows: ''While the benefit certificate issued to
complainant constitutes an entire contract the obligation
thereby cast upon the society is severable, with a right of ac-
tion accruing to the holder for each benefit installment pay-
able in default. (Citing authorities.) So it is generally held
that, in an action at law for breach of contract of insurance
payable in weekly or periodic installments, only those install-
ments in default at the time 'suit was brought may be re-
covered." (Citing authorities.)

In *Mid-Continent Life Ins. Co.* v. *Christian, supra,* the
court stated the rule in the following language: ''Under the
authorities just cited, plaintiff would be entitled to recover
in his cause of action for all benefits that had accrued under
the insurance contract at the time of filing his suit. And
could amend his petition to include such instalments due up
to the date of the amendment. But plaintiff could not re-
cover for instalments that were not due. The court could not
determine how long such instalments would continue to
become due, because said matter is dependent upon the con-
ditions of health of plaintiff and the date of his death."

Our own court in construing a by-law of a fraternal or-
ganization providing for weekly benefits to any member who
from sickness or accident became unable to earn a livelihood,
stated the applicable rule as follows: ''The right of plain-
tiff to this payment for any one week accrues at the end
of that week, and he is entitled to sue immediately upon
default in such payment. Such default, however, does not
work a breach of the entire contract; the contract still
subsists as to future benefits, and the default only affects
the rights of the parties as to the benefits accrued. It is
obvious that it does not work a breach as to the future
benefits, since, as to such the liability of the defendant has
not become fixed, but remains contingent upon the condi-
tion of the plaintiff being such as to entitle him to demand
them. . . . But the contract being separable, as we have
seen, and not entire, plaintiff is only entitled to recover
those benefits accrued at the commencement of the action."
(*Robinson* v. *Exempt Fire Co., supra.*)

Practically the same question has been before the courts of the state in cases involving leases where the rent was made payable in periodical installments, such as monthly or quarterly. It has invariably been held that the breach or repudiation of the lease by the lessee does not operate at once to mature all the rent reserved in the lease and to enable the lessor to recover not only the installments already accrued but those to accrue in the future. (*Bradbury* v. *Higginson*, 162 Cal. 602, 604 [123 Pac. 797]; *Oliver* v. *Loyden*, 163 Cal. 124, 126 [124 Pac. 731]; *Jacoby* v. *Peck*, 23 Cal. App. 363 [138 Pac. 104].) The same ruling was made where recovery was sought on a promissory note payable in installments. (*Crossmore* v. *Page*, 73 Cal. 213 [14 Pac. 787, 2 Am. St. Rep. 789].) We are satisfied that the foregoing authorities state the correct principle of law which should govern the decision of the instant case. They hold most convincingly that in the action here pending the plaintiff is entitled to recover on said policy of insurance only accrued indemnity installments, and that this right of plaintiff may not be extended to recover installments which have not accrued by resort to the declaratory relief statute of this state.

The final contention of appellant is that the trial court erred in awarding plaintiff judgment in excess of $400, being the amount of the installments which had accrued at the commencement of this action. At the time the action was instituted only $400 was due plaintiff on said policy of insurance, but, at the conclusion of the trial, thirteen installments of $100 each had accrued under the policy and judgment was rendered for the total sum of these thirteen installments, or for $1300 and interest. It is stated by plaintiff that he made application for leave to file a supplemental complaint to conform to the evidence which showed that thirteen installments were then due. This application was resisted by the defendant, and while the matter was argued, the court made no ruling upon said application. The defendant makes no denial of this statement. It appears, therefore, that plaintiff did all in his power to perfect his pleadings so that they would include a recovery for all installments which had accrued under the policy at the date of the trial. Under these conditions we think that no injustice will be done by permitting plaintiff to file such sup-

plemental complaint as of the date of said trial (*French* v. *McCarthy,* 125 Cal. 508, 512 [58 Pac. 154]; *Alameda County* v. *Crocker,* 125 Cal. 101 [57 Pac. 766]), and the privilege is hereby given to plaintiff to file such supplemental complaint. Plaintiff having asked leave to file a supplemental complaint covering the installments accruing between the commencement of the action and the date of trial, and as we have held that under the authorities cited, such supplemental complaint may be filed *nunc pro tunc* as of the date of trial, the case should therefore be considered as if said supplemental complaint had actually been filed. ■ This brings us to the question as to whether in this action with a supplemental complaint filed covering installments accruing up to the date of the judgment, the court may render judgment which will include the installments accruing between the commencement of the action and the date of the trial. There is language in the case of *Robinson* v. *Exempt Fire Co., supra,* which would indicate that the recovery upon a policy of insurance is limited to the installments which had accrued at the commencement of the action. In other cases cited above and from which quotations are made, is to be found similar language, but in none of these cases does the record show that a supplemental complaint was filed, or that any attempt was made to file such a pleading. On the other hand, the case of *Mid-Continent Life Ins. Co.* v. *Christian, supra,* contains the express statement that in an action for the recovery of the amount due on a policy of insurance, payable in installments, the plaintiff is entitled to recover all benefits that had accrued at the time of filing suit, "and could amend his petition to include such installments up to the date of the amendment". This statement seems reasonable and the principle of law enunciated therein appears sound. No good reason is offered why the plaintiff in such an action should not be permitted to litigate his claim to all installments which had accrued up to the date of trial, when defendant's liability for the payment of such installments has been made an issue by proper pleadings. The parties are all before the court. The issues have been presented by the pleadings, and if under the evidence, as was the case in the present action, the plaintiff has proven his right to recover for all installments accruing up to the date of the trial, we see no reason why he should not be

permitted to do so. To deny him this right would be simply to send him out of court one day and compel him to return the next day to litigate the same matter that was before the court on the first day. Such a construction of the law is not in harmony with the spirit of our modern procedure which endeavors to simplify court proceedings and particularly to provide for the settlement in a single action of all controversies of the parties growing out of the same subject-matter. We are therefore of the opinion that the judgment, in so far as it adjudicates the right of the plaintiff to recover for all installments accruing on the policy of insurance up to the date of the trial, should be sustained.

It is, therefore, ordered that the judgment in the above-entitled action be modified by striking therefrom the following: "It is further ordered, adjudged and decreed that plaintiff have and recover from defendant the sum of one hundred ($100) dollars per month, commencing with the month of March, 1931, during the rest and remainder of plaintiff's natural life."

The judgment as modified is hereby affirmed.

Shenk, J., Langdon, J., Preston, J., Seawell, J., Waste, C. J., and Thompson, J., concurred.