[Civ. No. 5349. Third Appellate District.—June 27, 1935.]

CARIE TENNESEN, Appellant, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA (a Corporation), Respondent.

William Ellis Lady and Webster Hazlehurst for Appellant.

Loeb, Walker & Loeb and Herman F. Selvin for Respondent.

THOMPSON, J.—One question only is involved on this appeal. The suit is based on an insurance policy on the life of the deceased husband of the plaintiff. It is contended the superior court had no jurisdiction to determine the cause for the reason that the pleadings confer exclusive jurisdiction on the Municipal Court of Los Angeles County under the statutory provisions. (Stats. 1925, p. 648, and amendments thereof; 2 Deering's Gen. Laws of 1931, p. 2925, Act 5238, sec. 29; sec. 89, Code Civ. Proc.)

The complaint was filed by the appellant in the superior court. It contains three counts. The issuing of the life insurance policy and the death of the insured are alleged. The first count asserts full performance of the contract. The second count alleges that the company procured the insured to unnecessarily sign a written petition for reinstatement of the policy, by means of fraud, knowing that the policy had not then lapsed for failure to pay the premiums thereon. The third count asserts that the company waived the termination of the contract by subsequently accepting payments of deferred premiums. The prayer demands a cancellation of the reinstatement instrument because of the alleged fraud of the company, and for judgment in the sum of $2,000 and interest thereon from the date of the death of the insured which occurred February 6, 1932.

The answer admits the execution of the insurance policy but denies liability thereunder on the ground that the reinstatement of the policy was procured by the fraud of the insured. The material allegations of the complaint were denied. The answer then separately and affirmatively alleges that the policy lapsed under the express terms thereof, by failure of the insured to pay the quarterly premium which was due thereon September 2, 1931, and that the insured thereafter procured the reinstatement of the policy by making a written statement therefor, containing fraudulent declarations, that the insured was not then afflicted with any physical ailment for which he had previously received medical aid; that contrary to the written declarations of the insured in his appli-

cation for reinstatement of the policy he was then suffering from serious physical ailments from which he subsequently died, and on account of which he had previously received medical attention; that the policy was thereby rendered void; that the insurance company reinstated the policy October 22, 1931, relying solely on the written statements of the insured with respect to his physical condition at that time, and that upon discovering the falsity of these statements the insurance company promptly notified the insured in February, 1932, of the rescission of the contract for such fraud, and then offered to repay to him all premiums received subsequent to the reinstatement of the policy. The answer asks for the termination of the policy for fraud, and prays for judgment that the plaintiff take nothing by his cause of action.

The cause was tried by the court sitting without a jury. Findings were adopted favorable to the defendant on all the material issues. The court found that the policy lapsed by failure to pay the premium thereon which was due in September, 1931, and that the company did not waive that breach of contract by subsequently receiving such delinquent premium; that the policy was thereafter renewed by the company solely in reliance on the written statement of the insured that he was then free from physical ailments, when, upon the contrary, he was then suffering from the serious ailments of sarcoma of the jaw and syphilis, for which he had previously received medical treatment; that the company thereafter discovered this fraud on the part of the insured and promptly rescinded the contract and offered to repay all premiums received subsequent to the reinstatement of the policy. Judgment was thereupon rendered in favor of the defendant. From that judgment the plaintiff has appealed.

It is true that jurisdiction of law cases involving demands for $2,000 or less is vested in municipal courts under the provisions of section 89 of the Code of Civil Procedure, and that the municipal court shall have jurisdiction of all such cases "properly pending in such municipal courts", in which equity is pleaded as a matter of defense. ▮ It is also true that jurisdiction may not be conferred upon the superior court by the parties to an action by failure to object thereto at the trial, when the nature of the action or the amount of the claim sought to be recovered vests the jurisdiction thereof in the municipal court. (*Shipp* v. *Superior Court of San Bernardino County*, 209 Cal. 671 [289 Pac. 825].)

■ In the present case the superior court had jurisdiction to try and determine the cause. Both the complaint and the answer contain equitable issues necessary to the determination of the action which conferred jurisdiction on the superior court. The second cause of action alleges that the application for the reinstatement of the policy was procured unnecessarily by the fraud of the insurance company. We may assume the plaintiff realized the necessity of rescinding the reinstatement of the policy or the contract would be rendered void for fraud in misstating facts with relation to the physical condition of the insured in his application therefor. The plaintiff therefore sought to cancel the reinstatement of the policy on the ground of alleged fraud and to rely upon the original policy. This tendered a necessary equitable issue, which undoubtedly accounts for the plaintiff commencing the action in the superior court. Moreover, the separate affirmative allegations of the answer also set up an equitable defense to the suit. The defendant sought to cancel the policy and avoid liability thereon because of the alleged fraud of the insured in procuring the reinstatement of the contract. Both parties rely upon the cancellation of instruments necessarily incident to the suit on the policy. The issue of fraud and that of rescission are peculiarly within the jurisdiction of a court of chancery. We are therefore of the opinion the Superior Court of Los Angeles County had jurisdiction to try and determine this cause. (*Frelich* v. *McGrew,* 124 Cal. App. 405 [12 Pac. (2d) 965].)

■ Even though the nature of a cause as alleged in the complaint confers no jurisdiction upon a superior court, the filing of an answer and cross-complaint therein, seeking to cancel an insurance policy upon which the action is based, on the ground of fraud, invokes the jurisdiction of that court so as to authorize it to determine all the issues which are tendered by the pleadings. (*Brix* v. *People's Mutual Life Ins. Co.,* 2 Cal. (2d) 446 [41 Pac. (2d) 537].)

■ When a complaint is filed in the superior court, and the cause is not pending in the municipal court, the mere filing of pleadings which raise equitable defenses does not oust the superior court of jurisdiction nor thereby confer jurisdiction on the municipal court. A municipal court is vested with jurisdiction over equitable issues only ''when pleaded as defensive matter . . . in any case properly *pending in such*

*municipal court''*. (Sec. 89, subd. 3, Code Civ. Proc.) In the present case the suit was not pending in the municipal court.

The judgment is affirmed.

Pullen, P. J., and Plummer, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 26, 1935.