[Civ. No. 31734.   Second Dist., Div. Five.   Sept. 16, 1968.]

JAMES BACHIS, a Minor, etc., et al., Plaintiffs and Respondents, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant and Appellant.

Butterworth & Smith and Stuart C. Bishop for Defendant and Appellant.

Jerold S. Cohn and Victor E. Kaplan for Plaintiffs and Respondents.

KAUS, P. J.—The question for decision is whether section 89 of the Code of Civil Procedure, defining the jurisdiction of the municipal court with respect to the amount in controversy, may be circumvented by a label. ▮ More specifically the issue is whether a fully matured cause of action for money damages in an amount of $5,000 or less, where nothing remains to be done but the payment of money and where no declaration concerning future rights and duties is necessary, proper or even possible, may be made the subject of a superior court action under the declaratory relief statute. (Code Civ. Proc., §§ 1060-1062a.)

While our research discloses several decisions which indicate that such actions should not be tried in the superior court, the cases leave some room for speculation whether the true basis of the rule is a lack of jurisdiction in that court or approval of the exercise of the trial court's discretion[1] to refuse declaratory relief. (Code Civ. Proc., § 1061.) As we see it, the only Supreme Court decision in point, *Brix* v. *Peoples Mut. Life Ins. Co.,* 2 Cal.2d 446 [41 P.2d 537], holds quite squarely that the matter is one of lack of jurisdiction and not of discretion to refuse declaratory relief.

The facts are quite simple. Plaintiff's automobile was insured by defendant. The policy contained both medical pay and uninsured motorist coverages. On December 30, 1961, plaintiff James Bachis was injured by an uninsured motorist. There was an arbitration between plaintiff and defendant which resulted in an award of $7,500. Defendant paid only $6,500, contending that it was entitled to deduct $1.000, since it had paid out that sum in fulfillment of its obligations under the medical pay portion of the policy.

---

[1]The latest case, *Travers* v. *Louden,* 254 Cal.2d 926 [62 Cal.Rptr. 654] also speaks of discretion but holds that it would have been an abuse of discretion to grant declaratory relief. (*Ibid.,* p. 932-933 )

Plaintiff then brought the present action,[2] the net effect of which cannot possibly be anything but an eventual judgment for $1,000 against defendant or a judgment that plaintiff take nothing. Yet instead of alleging that $1,000 remains unpaid and praying for a judgment in that sum, the complaint alleges a dispute over the existence of the debt and prays for a declaration that plaintiff is entitled to be paid.

Defendant's answer agreed that there should be a judicial declaration. The case went to trial on stipulated facts and judgment was given for plaintiffs. Defendant appealed.

In neither court has defendant questioned the jurisdiction of the superior court nor has that court done so. Before the matter was argued here we advised counsel, by letter, that we felt that there was a jurisdictional problem and invited argument on the point.

The first case which dealt with the narrow question before the court was *A. Hamburger & Sons, Inc.* v. *Kice*, 129 Cal. App. 68 [18 P.2d 115]. There the first count of the complaint was a suit on the defendants' stockholders' liability on a promissory note. It was within the jurisdiction of the municipal court. The second count was for declaratory relief but, according to two concurring judges, it concerned itself with "an item of evidence not relevant to the fact of respondents' liability as stockholders. It was a controversy touching solely upon the amount for which they were liable." The superior court dismissed the action. The court's opinion written by Justice York flatly states that the superior court had no jurisdiction over the case. A concurring opinion, signed by two justices, muddies the water somewhat. Without answering the question whether the superior court's dismissal of the case was proper because it lacked jurisdiction, the concurring justices upheld the dismissal on the basis of the court's discretion to refuse declaratory relief when not necessary or proper. (Code Civ. Proc., § 1061.)

The question of lack of jurisdiction was next considered in *Brix* v. *Peoples Mut. Life Ins. Co.*, 2 Cal.2d 446 [41 P.2d 537]. That opinion was filed after a rehearing. The court's original opinion is reported in 37 P.2d 448. Although the

---

[2]To avoid misunderstanding, it should be pointed out that the present action is not one to have the award confirmed under the provisions of section 1285 of the Code of Civil Procedure. Section 1287.6 of that code provides that the unconfirmed award had between the parties, "the same force and effect as a contract in writing." (See *Doyle* v. *Giuliucci*, 62 Cal.2d 606, 609 [43 Cal.Rptr. 697, 401 P.2d 1].)

holding against jurisdiction is more elaborate in the court's first opinion, it is briefly repeated in the second. An analysis of the *Brix* litigation becomes necessary.

Peoples Mutual Life Insurance Company (''Peoples'') had issued an accident policy to Brix calling for a monthly indemnity of $100. Brix sued Peoples in two counts. The first count contained the necessary allegations concerning the issuance of the policy, Brix's disability, notice, proof of loss and so forth. It alleged Peoples' failure to pay the monthly indemnity since January 1930. At the time the complaint was filed four monthly payments had accrued. (*Brix* v. *Peoples Mut. Life Ins. Co.,* 2 Cal.2d 446, 455 [41 P.2d 537].) [3] The second cause of action contained an additional paragraph which purported to state a cause of action for declaratory relief. On appeal from a judgment in Brix's favor, the Supreme Court,[4] held that the superior court did not have jurisdiction over the cause. If jurisdiction attached, it could only do so by reason of the second count, which—with certain defects cured by the answer—stated a good cause of action for declaratory relief. Nevertheless, the court said, the superior court had no jurisdiction: ''. . . By an examination of the second count as made up by reference to the allegations of the first count, it will be seen that plaintiff seeks to recover from the defendant the four monthly payments of $100 each which had at the commencement of said action already accrued and which were then due plaintiff by the terms of said policy of insurance. It will thus be seen that the cause of action set forth in said second count had already accrued at the commencement of said action, and said action was primarily, and we think exclusively, for consequential relief. *The court, in order to determine whether plaintiff was entitled to consequential relief, necessarily must have declared the rights of the plaintiff under said policy of insurance. Having done so, and having determined the question of consequential relief, the entire controversy embodied in the action was at an end.*

---

[3] At the time of the judgment thirteen installments had become due. (*Ibid.,* pp. 455-456.)

[4] We are, at this point, summarizing the Supreme Court's first opinion. We are aware that, as such, it is not authority and cannot be relied on to support our views. (*Poppe* v. *Athearn,* 42 Cal. 606, 610; 2B McK. Dig. ''Appeal and Error'' § 963; 3 Witkin, Cal. Procedure, p. 2409: ''. . . The old opinion, though previously printed in the advance sheets and Pacific Reporter, is wholly superseded, and never appears in final official volumes of California Reports or California Appellate Reports.'') However, since the second opinion repeated the holding of the first, we believe that the first opinion has more vitality than is ordinarily the case.

There was no necessity and no occasion for any further order declaring the rights of the plaintiff under said policy of insurance as that question had already been disposed of by the court. The case was not therefore one for a declaratory judgment. . . ." (*Brix* v. *People's Mut. Life Ins. Co.,* (Cal.) 37 P.2d 448, 449-450. Italics added.)

After the filing of this opinion the rehearing was granted. The second opinion reaches an opposite result but only for the reason that the court had overlooked a cross-complaint by Peoples in which it sought a cancellation of the insurance policy, a type of relief not then within the jurisdiction of the municipal court. From our point of view the significant fact is that the court starts its discussion with the following sentence: "It is first contended by appellant that the court had no jurisdiction of either of the causes of action as set forth in plaintiff's complaint. *This contention we think must be sustained.* . . ." (*Brix* v. *Peoples Mut. Life Ins. Co.,* 2 Cal.2d 446, 448 [41 P.2d 537]. Italics added.)

*Brix* was soon followed by *Norager* v. *Mountain States Life Ins. Co.,* 10 Cal.App.2d 188 [51 P.2d 443], involving a dispute concerning the proper construction of a health insurance policy. Norager had sued for accrued payments of $450, plus a declaration that the policy was still in full force and effect. The trial court gave him everything he wanted and the insurer appealed. After deciding that the trial court had correctly interpreted the policy, as it applied to the facts, the Court of Appeal nevertheless reversed, holding that, under *Brix,* the superior court did not have jurisdiction.

Then came *Cook* v. *Winklepleck,* 16 Cal.App.2d Supp. 759 [59 P.2d 463] which contained the following dictum: "Such a result [i.e. municipal court jurisdiction] would have followed if the complaint, while alleging facts sufficient to bring the case within section 1060, had also shown by its allegations that declaratory relief was not necessary or proper at the time under all the circumstances, in which case the action would in truth have been merely one for the consequential relief of damages and so within the jurisdiction of the municipal court. (*Brix* v. *Peoples Mut. Life Ins. Co.,* 2 Cal.2d 446, 448 [41 P.2d 537], and first opinion in same case, *Id.* (Cal.) 37 P.2d 448, 449; *Standard Brands* v. *Bryce,* 1 Cal.2d 718, 721 [37 P.2d 446]; *Jacobson* v. *Superior Court,* 5 Cal.2d 170 [53 P.2d 756, 757].) . . ."

In *Simpson* v. *Security First Nat. Bank,* 71 Cal.App.2d 154 [162 P.2d 494], too, the superior court dismissed an action for

declaratory relief which presented facts that could have been the basis for an action in the municipal court. The dismissal was upheld on appeal. Again, as in *A. Hamburger & Sons, Inc.,* v. *Kice, supra,* one cannot be certain what the court thought on the question of lack of jurisdiction, as distinguished from a proper exercise of the discretion to dismiss.[5]

Finally there is the very recent decision in *Travers* v. *Louden,* 254 Cal.App.2d 926 [62 Cal.Rptr. 654]. There the trial court had granted defendant a summary judgment on the basis that no triable facts were shown to exist. The Court of Appeal affirmed but for the reason that no cause of action for declaratory relief had been stated and that it would have been an abuse of discretion to retain the action. The court posed the question as follows: ''In our research of the subject, we have found no authority for the proposition that declaratory relief is proper procedure when the rights of the complaining party have crystallized into a cause of action for past wrongs, all relationship between the parties has ceased to exist and there is no conduct of the parties subject to regulation by the court. Rarely has the declaratory procedure been resorted to in such a situation and never, we believe, with success.'' (*Ibid.,* p. 929.)

Here too we deal with a case that has the following characteristics: 1. there is a fully matured cause of action for money; 2. the demand is within the jurisdiction of an inferior court; 3. a money judgment for plaintiff or a judgment in defendant's favor will fully and finally resolve the dispute between the parties; and 4. there is no occasion for any declaration concerning their future conduct. While, faced with similar problems, the Courts of Appeal have to some extent hedged on the question of jurisdiction, the only time the issue has been before the Supreme Court—in *Brix*—it held that there was none. It makes no difference that here the matter was not raised below and that, even on appeal, defendant

[5]''The facts alleged, in our opinion, were not such as to require the court to entertain an action for declaratory relief. Plaintiff had a cause of action at law for the alleged breach of contract, and he alleged facts which, if proved, would have rendered both defendants liable. Although he also alleged that he was uncertain whether both were liable, he prayed that the court determine that question and award him relief by way of damages. If we should assume for the purposes of our opinion that a cause of action at law, jurisdiction of which was in the municipal court, could thus be converted into one for declaratory relief, triable in the superior court, it would be within the discretion of the latter court to refuse to accept jurisdiction and to leave plaintiff to his action at law.'' (*Ibid.,* p. 157.)

seems somewhat reluctant to press the question of jurisdiction. (*Higgins* v. *Coyne*, 75 Cal.App.2d 69, 70 [170 P.2d 25]; *Glass* v. *Bank of America etc. Assn.*, 17 Cal.App.2d 645 [62 P.2d 764]; *Cook* v. *Winkelspleck, supra*, p. 768.)

At the oral argument before us, counsel for plaintiff insisted that declaratory relief was proper because, in order for either side to prevail, the court had to construe the insurance contract and the arbitration award. True enough, but if that fact alone confers jurisdiction on the superior court, declaratory relief would be available—subject to the court's discretion and other recognized limitations—in countless thousands of cases properly pending in inferior courts which no one has ever dreamed of smuggling into the superior court. Every collection by a utility company potentially involves a declaration of rather involved rights and duties.

Nothing herein is intended to quarrel with the principle that in certain situations declaratory relief is entirely proper although the plaintiff has a fully matured cause of action for some form of coercive relief. ". . . In *Columbia Pictures Corp.* v. *DeToth*, 26 Cal.2d 753 [161 P.2d 217, 162 A.L.R. 747], and *Ermolieff* v. *R.K.O. Radio Pictures, Inc.*, 19 Cal.2d 543 [122 P.2d 3], the right to redress for past breaches of contract was recognized, but in each case the contract had some time to run and there was need for a declaration as to the future conduct of the parties thereunder. Of course, neither case stands for the proposition that a declaration with respect to past wrongs would be proper when there was no occasion to define respective rights which would govern the future conduct of the parties." (*Travers* v. *Louden, supra*, pp. 931-933.)

The judgment is reversed and the case is remanded to the superior court with directions to order it transferred to an appropriate inferior court as provided in section 396 of the Code of Civil Procedure.

Hufstedler, J., and Stephens, J., concurred.