[Civ. No. 512.    First Appellate District.—November 19, 1908.]

## COMPRESSED AIR MACHINERY COMPANY, Respondent, v. WEST SAN PABLO LAND AND WATER COMPANY, Appellant.

APPEAL—ERROR WITHOUT PREJUDICE.—A judgment will not be reversed upon appeal, on a new trial granted, for a mere error, when it clearly appears that the appellant has suffered no injury therefrom.

CLAIM AND DELIVERY—ALTERNATIVE JUDGMENT—LESS DAMAGES IN CASE OF IMPOSSIBLE DELIVERY—APPELLANT NOT INJURED.—In an action of claim and delivery, when the jury awards the possession of the property to the plaintiff with a large amount as damages if redelivery can be had, and a less sum as damages, together with the fixed value of the property, in case redelivery thereof cannot be had, the less damages in the latter alternative is not injurious, but beneficial to the appellant, and is not ground for reversal.

ID.—LEASE OF PROPERTY CLAIMED—TERMINATION—DAMAGES—RENTALS UNPAID WITH INTEREST—ERROR—MODIFICATION OF JUDGMENT.—When the claim and delivery is for personal property leased, after termination of the lease, the measure of damages is the amount of the unpaid rentals, with interest upon each to the commencement of the action; and it was error to allow any rentals falling due after suit brought to the date of judgment. But when the date from which the unpaid rentals commenced is fixed by the jury, and they were payable at a fixed monthly rate, the amount due at the commencement of the action may be exactly calculated; and the judgment may be modified without necessity of a reversal for the error.

ID.—LEASE WITH OPTION TO PURCHASE—CONCLUSIVENESS OF VERDICT AGAINST PURCHASE ALLEGED.—An option to purchase the leased property at a fixed price within sixty days having been given to the lessee, with a fixed rental to continue if said option is not exercised, with the right to reclaim the property with rental to the time of reclaiming it, and the answer pleaded a purchase, the ver-

dict of the jury, upon conflicting evidence against the defendant in claim and delivery, is conclusive that no purchase was made.

Id.—Application of Payment—Option not Exercised—Bills of Plaintiff for Other Demands.—It being established that the defendant never in fact exercised the option to purchase at the price fixed in the lease, he cannot claim the application of a payment made by him of a less sum upon the purchase of the property leased; but the payment is sufficiently accounted for by a receipt given for the same sum by the plaintiff to the defendant on bills for other demands presented by plaintiff to defendant before the money was paid.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

Thos. E. Haven, for Appellant.

Morrison, Cope & Brobeck, for Respondent.

HALL, J.—Appeal from judgment for plaintiff and order denying defendant's motion for a new trial.

The action was brought to recover the possession of certain machinery, to wit, an air compressor and receiver, and their connections, or the sum of $1,200, the value thereof, in case a delivery cannot be had, and damages in the sum of $673.

The action was tried before a jury, which first returned a verdict for plaintiff for the recovery of the property, and for damages at the rate of $50 per month for the detention thereof, or in case a delivery cannot be had, for the sum of $1,200, as the value of the property, together with $150 damages for its detention.

The court thereupon refused to receive the verdict, but directed the jury to insert the date from which the $50 per month should be reckoned, and also instructed them that the damages should be the same whether the property could or could not be delivered to plaintiff. The jury again retired, and subsequently brought in the following verdict: "We, the jury in the above entitled cause, find that the plaintiff herein is entitled to recover possession of the property described in the complaint herein, together with $50 per month damages for its detention from February 7th, 1906, or, if delivery

thereof cannot be had, the sum of $1,200, as the value of said property, together with $150 as damages for its detention,'' which was received by the court.

It is insisted by appellant that the verdict is against law, for the reason that the jury plainly disregarded the instruction of the court that the damages should be the same whether the property could or could not be delivered to plaintiff.

This undoubtedly was the rule laid down in *Emerson* v. *County of Santa Clara,* 40 Cal. 545, and *Aguirre* v. *Alexander,* 58 Cal. 30, but the rule so broadly stated in said cases is no longer followed in this state.

A judgment will not be reversed or a new trial granted for a mere error when it clearly appears that the appellant has suffered no injury therefrom. (*Altoona Q. M. Co.* v. *Integral Q. M. Co.,* 114 Cal. 104, [45 Pac. 1047]; *Edwards* v. *Wagner,* 121 Cal. 376, [53 Pac. 821]; *Hughes* v. *Wheeler,* 76 Cal. 230, [18 Pac. 386]; Code Civ. Proc., sec. 475; *O'Neil* v. *Thomas Day Co.,* 152 Cal. 357, [92 Pac. 856], overruling *Emerson* v. *County of Santa Clara,* 40 Cal. 545.)

In the case at bar we think it perfectly clear from the pleadings and the evidence of both plaintiff and defendant that, if plaintiff was entitled to recover the possession of the property sued for, it was also entitled to recover as damages the sum of $50 per month from the seventh day of February, 1906. The finding, therefore, of a lesser sum in case a delivery could not be had could in no wise injure appellant, but was to its benefit. The complaint alleges that plaintiff delivered to defendant the property sued for on the eighteenth day of October, 1905, upon an agreement that defendant should have the use of the same for sixty days upon the payment of $100, with the right at the expiration of said sixty days to buy the same for $1,200, and in that event the $100 to be taken as part of the purchase price, and that if defendant did not elect to buy the property, but retained the same after the expiration of the sixty days, it should pay for the use thereof $50 per month in advance for every month it should retain possession, with right to plaintiff to demand possession thereof at any time after the expiration of the sixty days. It was alleged that defendant never did elect to buy the property, never paid the purchase price therefor, or any part of the sums of $100 or $50 per month. The allegation of the nonpayment of the monthly rental was not denied.

The defendant in its answer alleged that "it was understood and agreed by and between plaintiff and defendant that said air compressor and receiver should be installed and placed in operation by plaintiff, and that after the same was completely installed to the satisfaction of defendant, said defendant should have the option of purchasing said air compressor and receiver and other machinery so described in said complaint at the reasonable value thereof, or of renting the same from plaintiff at a monthly rental of $50 per month. Subsequent to the installation of said air compressor and receiver, and prior to the accruing of any rent therefor, defendant notified plaintiff of its election to purchase said air compressor and receiver and the parts and connections therefor, described in said complaint, at their reasonable value."

It is thus apparent that upon the pleadings there was no contention as to how much the rent should be per month in case the property was not purchased. There was. a contention as to when the rent should commence, but upon this point the jury found in accordance with the contention and evidence of defendant. Upon the question as to amount of rent per month both the pleadings and evidence of defendant were that it was to be $50 per month. The principal contention in the case was as to whether or not plaintiff was entitled to recover the possession of the property. This depended upon whether or not defendant ever purchased the property. Upon this point the verdict of the jury was against defendant; and it is not and cannot be attacked upon the record before us as not justified by the evidence.

The finding of the jury being conclusive that defendant did not purchase the property, plaintiff was entitled to $50 per month for the use of the property, which defendant's answer admitted to be unpaid. This amount the jury awarded as damages in case the property could be delivered, but awarded a less amount if delivery of the property could not be made. In this contingency the jury awarded less than plaintiff was clearly entitled to, and defendant cannot be injured thereby.

It is next insisted that the verdict and judgment are erroneous and against law, because awarding an amount in excess of that demanded in the complaint.

After pleading the contract and agreement upon which the property was delivered by plaintiff to defendant, by the terms

of which defendant was to pay for the use of the property, if it did not elect to buy, the sum of $50 per month in advance, as well as $100 for the first sixty days, and that defendant has, ever since the eighteenth day of October, 1905, retained the possession and use of the same, but has never elected to purchase the same, and has never paid the agreed price of $1,200, or any part thereof, it is alleged in paragraph VII that "Defendant has not paid the said sum of $100, or the said sum of $50 per month, or any part thereof, but the whole thereof is still due, owing and unpaid from defendant to plaintiff." Next follows the allegation that plaintiff, after the expiration of the period of sixty days from the delivery of the property, to wit, on the ninth day of November, 1906, demanded from defendant the possession of said property, and its refusal to deliver the same.

It is finally alleged, in paragraph IX, "That plaintiff has been damaged by the failure of defendant to pay for the use of said air compressor and receiver in the sum of $100, and the additional sum of $50 per month from and including the 18th day of December, 1905, together with interest at the rate of 6% per annum on said sum of $100 from the 18th day of October, 1905, and on each installment of $50 per month from the date when the same became due and payable, as hereinabove alleged, to the time of the commencement of this action."

It is thus seen that the damages alleged are damages for failure to pay sums of money agreed to be paid as rent for the use of the property sued for. The action was one to recover property leased, upon the termination of the lease, and certain sums of money contracted to be paid as rental for said property. There is in the complaint no allegation of damage other than the allegation of damage for failure to pay the stipulated sums of money. This allegation of damage is quite correct in an action upon a contract to pay a stipulated sum of money. "The theory of the law is not that the party recovers the particular note or chose in action, as is commonly imagined, but that he recovers damages for the nonperformance of the contract, and in case of failure to pay money due it has always been held that the true measure of damages was the amount of money owing and the interest which was agreed upon." (*Guy* v. *Franklin,* 5 Cal. 416.)

The pleader in the case at bar followed this rule. In the body of his complaint he alleged a failure to pay certain agreed sums, and damages for such failure, in the same amounts, with interest from the time the several amounts became due to the time of the commencement of the action.

The prayer of the complaint is, "For damages in the sum of \$673.00," which sum is the aggregate of the due, unpaid and agreed rentals, with interest to the commencement of the action. The allegations in the body of the complaint upon the question of damages, as well as the prayer for judgment, relate to the damages directly resulting from a breach of a contract to pay certain agreed rentals.

In other words, in this respect the action is one to recover money due under a contract. In such an action no recovery can be had for money not due at the time of beginning the action.

This brings us to a consideration of the verdict rendered by the jury, and the judgment entered thereon by the court.

First as to the verdict. The jury did not find a gross sum, but fixed the damages at \$50 per month from a given date. This was in the nature of a special finding of fact, from which the court could by mathematical calculation determine the total damages in view of the issue upon the question of damages presented by the pleadings. Under this verdict, read in connection with the pleadings, the damages should have been calculated at the rate of \$50 per month from the seventh day of February, 1906, to the date of filing the complaint, which was November 21, 1906. So calculated, the damages amount to the sum of \$473.33, which is not in excess of the damages pleaded in the body of the complaint or demanded in the prayer.

In entering judgment upon the verdict the court calculated the damages from the date fixed by the jury to the date of the entry of judgment. If we are correct in what we have said regarding the verdict and the pleadings, this was erroneous. The error, however, does not affect the verdict, or require a new trial, but may and should be corrected by modifying the judgment so as to conform to the verdict read in connection with the pleadings. In any case the relief that may be granted must be consistent with the case made by the complaint and embraced within the issues. (Code Civ. Proc., sec. 580.)

Appellant presents but one other point as calling for a reversal. The court charged the jury as follows: "If you find from the evidence that when said payment of $1,000 was made by defendant to plaintiff, defendant had not elected to purchase said machinery, you are instructed that there was at the time no obligation existing for the purchase of said machinery to which said payment could be applied."

The $1,000 payment referred to is a payment that was made by defendant to plaintiff after the presentation of a bill containing five pages of items, aggregating $2,641.69, and another for $1,271.50, but neither of which contained any charge for the purchase of the property in suit. Defendant disputed the bills, but finally made a payment of $1,000, taking a receipt as follows:

"San Francisco, Feby. 7, 1906.

"Rec'd from West San Pablo Land and Water Company, one thousand dollars, to be applied as credit on bills as presented when they shall be accepted as correct.

"THE COMPRESSED AIR MCHY. CO.,
"Per W. E. HAMPTON."

Under some circumstances, in a case such as this, it might well be claimed that this instruction would be misleading to the jury and prejudicial to defendant. But in view of the evidence in this case, no such result could possibly follow. Plaintiff's right to recover possession of the property depended on whether or not defendant had ever purchased the property. We think the evidence both of plaintiff and defendant without contradiction clearly establishes that it never did do so. Defendant, both in its answer and in the evidence which was given by Mr. Hellings, defendant's only witness, only claimed to have been willing to purchase the property in suit at $1,000. He makes it perfectly clear that defendant was not willing to pay $1,200 for it, and never notified plaintiff that it would take it at $1,200, and never elected to take it at that price. This is in accordance with defendant's answer, which sets up that it notified plaintiff of its election to purchase the property in suit at its reasonable value, which it alleged does not exceed $1,000.

On the other hand, the evidence shows without contradiction that the property was delivered and installed on the premises of defendant, with an option to defendant to purchase

the same at the fixed price of $1,200. Mr. Hampton, who acted in the matter for plaintiff, so testified; and Mr. Hellings, who acted for defendant, testified to the same effect. We quote from his testimony: "Mr. Hampton stated that he would set up the compressor, and after a run I was to have the privilege of buying or renting it, and he stated the price as $1,200." We think it perfectly clear from defendant's own evidence that the price agreed on before the machinery was installed was $1,200. Defendant never elected to take the property at that price. It therefore cannot apply the payment of $1,000 to the purchase price of property it has never purchased or agreed to purchase.

The order denying the motion for a new trial is affirmed, and the action is remanded to the trial court, with directions to said court to amend and modify the judgment as of the date of the entry thereof, by striking therefrom the following, to wit: "Nine hundred and sixty-six and 66/100 ($966.66) dollars, said sum being at the rate of $50.00 per month from February 7th, 1906, to date hereof," and inserting in lieu thereof the following, to wit: "Four hundred and seventy-three and 33/100 ($473.33) dollars, said sum being at the rate of $50.00 per month from February 7, 1906, to the date of the commencement of this action," and as so modified the judgment is affirmed.

Cooper, P. J., and Kerrigan, J., concurred.