[Civ. No. 4942. Second Appellate District, Division Two.—November 5, 1928.]

M. E. FARMER, Respondent, v. MOUNTAIN LAKE CLUB (a Corporation), Appellant.

Ira E. Quimby and Irving T. Hagen, President and Secretary, Respectively, of Appellant, for Appellant.

Frank H. Jaques for Respondent.

CRAIG, J.—The respondent instituted an action upon a contract in writing which was made a part of the complaint, and to which pleading a demurrer was interposed. The demurrer was overruled, and upon the failure of appellant to answer judgment for $600 with interest and costs was entered by default. The defendant appeals from the judgment.

The contract in question acknowledges the rendition of certain services and expenditures of moneys for the corporation, of a value of $1,000, which the latter therein agreed to pay as follows, to wit: "Fifty dollars ($50.00) per week beginning on March 10th, 1924, until six payments have been made, and the balance at the rate of one hundred dollars ($100.00) per week until fully paid." The demurrer of the defendant was general, and it is here contended that the complaint was filed when but $600 had become due and payable, and that suit was premature, since

the contract provided for payment of a fixed sum of $1,000 as a single consideration for said services and expenditures. Respondent contends that each payment of $50 and $100 constituted the basis of a separate cause of action.

While the contract recited a total consideration of $1,000, it was payable in weekly installments, and contained no provision that the whole amount should become due and payable upon a failure to pay any one installment. The plaintiff commenced his suit after the expiration of the ninth week, and prayed judgment for $600, together with interest at the rate of seven per cent upon each such installment from the date that it became due under the provisions of the contract, which the trial court allowed. Appellant cites no authority in support of its contention, and we fail to see any difference in this respect between the contract in suit and other installment contracts or promissory notes. The respondent could not have recovered more than the amount aggregating the nine installments, but as each installment fell due it created a cause of action, and a suit therefor would not be premature. (*Compressed Air Machinery Co.* v. *West San Pedro Land & Water Co.,* 9 Cal. App. 361 [99 Pac. 531].)

The judgment is affirmed.

Works, P. J., and Thompson, J., concurred.