[Civ. No. 7158. First Appellate District, Division Two.—May 7, 1930.]

FRANCES GUITRON et al., Respondents, v. JOSE M. RODRIGUEZ et al., Appellants.

A. V. Dalrymple, John R. Tyrrell and Robert E. Hatch for Appellants.

Charles E. Gould and C. D. Dudley for Respondents.

NOURSE, P. J.—Plaintiffs sued for breach of contract for a sale of personal property. The cause was tried before a jury and resulted in a verdict for plaintiffs in the sum of $1,000. Defendants appeal upon typewritten transcripts.

The contract was oral and called for the sale to defendants of a grocery store for the full purchase price of $3,700, $1,000 of which was to be paid at the time of transfer, the balance in monthly installments of $150 each. Defendants made the first payment, plaintiffs transferred the property to them, and they took possession, which they retained until after this action was filed. While still in possession defendants repudiated the contract *in toto*. Plaintiffs' complaint is framed in two causes of action, the first on the contract itself and the second for the recovery of damages for the breach.

On this appeal the appellants insist that the action was premature because the contract called for monthly payments and these payments were not due at the time the suit was filed. In answer the respondents rely upon the well-settled rule that when the repudiation of an executory contract results in a violation of the contract *"in omnibus"* the injured party may treat the entire contract as at an end and sue for damages for the breach. (6 R. C. L., pp. 1024, 1025; 6 Cal. Jur., pp. 464, 465.)

It is argued that there is a fatal variance between the evidence and pleadings because the plaintiffs alleged that the full balance of $2,700 was due, whereas the evidence showed that this amount was agreed to be paid in monthly

installments of $150 each. If plaintiffs were suing to enforce the contract there might be some merit in the point, but where they rely upon the repudiation as a breach of the entire contract the evidence as to the amount due was merely evidence of plaintiffs' damages for breach and was in no sense a variance from the pleadings in so far as the second cause of action was concerned.

■ It is also argued that the verdict cannot be justified because under the provisions of section 3310 of the Civil Code the full contract price is the measure of the detriment caused by the breach of a buyer's agreement to accept and pay for personal property, whereas in this action the jury awarded the plaintiffs no more than $1,000. If the point were raised by the plaintiffs we might be constrained to give it some consideration, but we cannot perceive how the defendants can possibly be prejudiced through a verdict of $1,000 instead of $2,700.

■ Finally it is argued that the trial judge was guilty of prejudicial misconduct in the matter of instructions to the jury. The point is this: It was stipulated that the property had been sold under attachment proceedings and that the sheriff held in his possession the sum of $533.66, as the proceeds of such sale. After the jury had retired under instructions to which no objections have been made it returned to the courtroom and one of the jurors stated to the trial judge that they wished to know whether they were to determine the amount of money in possession of the sheriff and what was to be done with it. The trial judge instructed the jury that it had nothing to do with that matter, but that if the plaintiffs were to prevail the amount in the hands of the sheriff would be credited to them. To this statement both counsel agreed in the presence of the jury. The further discussion between court and counsel along the same lines was nothing more than an amplification of this statement. As all that was said in the presence of the jury which could possibly be deemed prejudicial to the defendants was expressly agreed to by their counsel they may not at this time make the claim of prejudice.

We find no error in the record. Judgment affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 5, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 3, 1930.