[Civ. No. 10172.   First Appellate District, Division Two.—September 15, 1936.]

GUISEPPE ANTONINO, Respondent, v. KATHARINE RENZ et al., Defendants and Appellants; BERNHARD JANSSEN, Cross-Complainant and Appellant.

Rode & Rode for Appellant.

Milton E. D'Askquith and Phillips & Munck for Respondent.

STURTEVANT, J.—From a judgment rendered against all of the defendants in an action to quiet title, three of them have appealed. To the complaint of the plaintiff the appealing defendants each filed an answer. The defendant Bernhard Janssen also filed a cross-complaint. To the latter the plaintiff filed an answer and on the issues so framed the trial was had.

The property involved is a lot, and a two-room cottage standing on it, in the city of Oakland. When the title stood in the name of Joshua A. Calloway he executed what will hereinafter be called the first deed of trust July 28, 1926. That deed of trust was made to Alameda County Title Insurance Company as trustee in favor of Katharine Renz as beneficiary. She filed a disclaimer and said deed of trust is therefore not involved at the present time. Later Joshua A. Calloway conveyed the lot to E. W. and Eleanor A. Stetson and they executed what will hereinafter be termed the second deed of trust August 7, 1926. That deed of trust was made to Alameda County Title Insurance Company, as trustee, in favor of Joshua A. Calloway to secure the payment of a promissory note in the sum of $850 and interest. The note provided that the principal and interest might be paid: "Ten ($10.00) Dollars, or more, on September 7, 1926 and Ten ($10.00) Dollars, or more, on the 7th day of each and every month thereafter . . . ," etc. Soon thereafter Calloway sold the second deed of trust to Bernhard and Meta Janssen. The loans and sale were each negotiated by R. E. Barrera, a real estate broker. After the deeds of trust were executed Barrera retained the deeds of trust but delivered the notes to the payees. He attended to making the collections and receiving the payments on both notes for the payees. The Stetsons were unable to make their payments and they conveyed the property to R. E. Barrera May 19, 1927. Early in August, 1928, this plaintiff became interested in purchasing the property. He obtained from Alameda County Title Insurance Company a policy of title insurance which set forth the first and second deeds of trust as encumbrances and showed the record title as standing in the name of R. E. Barrera. The plaintiff then entered into a written contract of purchase with Barrera by the terms of which he agreed to purchase the property for

$2,250. He paid down $250 and he agreed to pay the balance, $2,000, in instalments of $25 each month. The instalments so to be paid by the plaintiff to Barrera, it was orally agreed, should be applied by Barrera in paying off said deeds of trust. Thereafter the plaintiff made his payments to Barrera. The account was paid in full by the last payment made July 6, 1931. Barrera accounted to the Janssens for $10 monthly as payments received by him on the note held by them but any sums in excess of that he appropriated to his own use. From the date the Janssens became the owners of the second trust deed and the note which said deed was given to secure, the Janssens allowed Barrera to continue to make said collections and to render to them written accounts of such collections together with others. They accepted both without inquiry or any objections and now they claim that this plaintiff should stand the loss of Barrera's defalcations and not themselves. Before this suit was commenced the plaintiff never heard of and never saw the Janssens. The claim of the defendants is that the plaintiff bought from Barrera the property in suit for $2,250 subject to the encumbrances of the two trust deeds and that he has paid Barrera, perhaps, but has not paid the note held by Bernhard Janssen. Such claim was alleged in the answer of the latter. The trial court found the facts against said defendant and in favor of the plaintiff. But, the defendants assert, when Barrera accepted a conveyance from the Stetsons such act terminated his agency and that the plaintiff knew such to be the fact. It is sufficient to state that there is no evidence Antonino had such knowledge. The second deed of trust, the one to Calloway, was recorded. Its assignment to Bernhard Janssen was not recorded and there is no evidence the plaintiff knew that Janssen was the owner and holder thereof. But, the defendant says, the law did not require that Calloway should execute a written assignment of his deed of trust and that it should be recorded. Be that as it may, there was no evidence this plaintiff had either actual or constructive notice that Calloway had assigned his note and deed to Janssen. Nor was there any evidence that the plaintiff ever knew that without the consent of Janssen, Barrera purchased the property from the Stetsons. Under all of these facts it is clear when the plaintiff made payments to Barrera, acting

solely on the statement of Barrera that he had authority to collect them, the plaintiff did so at his risk. When thereafter, by the uncontradicted testimony, the plaintiff proved Barrera was the agent of the defendant Bernhard Janssen, authorized to collect payments for him, the plaintiff had made out a *prima facie* case. In 2 C. J. 635, the author states: "Payment to an agent who is either expressly or impliedly authorized to receive the same is in effect payment to the principal, and, at least to the extent of such payment, is a satisfaction of the debt, and to that extent will discharge the payer, or entitle him to credit on his debt, regardless of what disposition the agent makes of the sum paid, although the person making the payment does not know of the agent's authority to collect." The plaintiff, having established a *prima facie* case, it then became necessary for the defendants to prove facts showing the plaintiff, at the time he made his payments, knew of facts which put him on notice that Barrera did not have authority to collect such payments. However, the defendants did not do so. It follows that the trial court did not err in making findings which are to the effect that Barrera was the authorized agent to make the collections.

Finding No. 7 is, in part: " . . . acting for and on behalf of the owners and holders of the deeds of trust and in order to avoid the expense and delay of foreclosure on the part of his principals, R. E. Barrera took title to said real property . . . " The defendants contend that all of said finding before the name "R. E. Barrera" is not supported by the evidence. Conceding such to be the fact, it is immaterial. The finding was on no part of the plaintiff's cause of action. It was only addressed to a part of an incomplete defense tendered by the defendants.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 13, 1936.