[Civ. No. 19051. First Dist., Div. One. Aug. 26, 1960.]

RUTH A. MINOR, Appellant, v. CECIL C. MINOR, Respondent.

Lawlor & McKibben and Eugene K. Lawlor for Appellant.

Harry M. Gross and J. Elwood Andresen for Respondent.

TOBRINER, J.—Appellant wife must fail in her chief contention here that because of the alleged repudiation of respondent husband she is entitled to the total sum due on a property settlement agreement which provides only for monthly installment payments. Since the wife had fully performed her part of the agreement, and since the doctrine of anticipatory breach does not apply to a unilateral contract, the trial court correctly denied the wife's claim for the sum total due on the contract.

On September 25, 1957, appellant and respondent signed the contract upon which this action rests. This contract provides that, in consideration of appellant's waiver of any future claim to alimony, respondent will pay her $1,000 within 15 days, and a balance of $9,000 in monthly installments of $175 for a total of $10,000. The contract contains no acceleration clause to the effect that in the event of a default in payment the whole amount should become due. On the day of execution of the agreement appellant obtained an uncontested divorce from respondent; the trial court specifically found, however, that the contract "was not merged in the Decree of Divorce."

Appellant's complaint sets up a first cause of action upon the ground that the agreement provided for payment of the total sum in installments; that respondent refused to pay the first installment and paid only after a threatened levy of execution upon his place of business; that appellant obtained the December, 1957, payment by means of execution, and the January payment because of threatened contempt proceedings; that respondent repudiated the contract and refused to pay the installments due. The second cause of action, incorporating these allegations of the first, and further alleging that respondent threatened to dispose of his property and leave the state, sought injunctive relief against such disposition. The complaint did not request judgment for two installments delinquent at the time of filing suit.

At the trial appellant testified that immediately after she obtained the divorce, respondent renounced his obligation under this contract; appellant's brother corroborated this repudiation. Appellant also testified that respondent failed to make the initial $1,000 payment and the first installment of $175 within the agreed time; that, upon her questioning him on a number of occasions about these defaults, respondent replied that he was not going to pay her. And, indeed, respondent had made no payments after the commencement of this action (April 16, 1958) to the time of the trial (April 1,

1959), a period of approximately one year. Respondent did, however, on May 21, 1958, following the filing of the action, remit a check to appellant's lawyer, payable to her, covering the payments due in February and March, 1958. Appellant's counsel deposited this check in his account, purportedly in trust for appellant. According to appellant's testimony respondent had at no time paid her voluntarily but only under the compulsion of legal process. Appellant contends that respondent committed an anticipatory breach of the contract resulting in his liability for the total amount of $10,000 provided in it, because he allegedly stated he would not honor the contract and subsequently dishonored it.

Denying his wife's allegations that he intended to dishonor the contract, to dispose of his property or to leave the state, respondent admitted he had failed to make several payments under the agreement, contending that the failures were due to his "dire financial straits." In holding appellant "take nothing by reason of her complaint" the trial court found "that the doctrine of anticipatory breach does not apply to the contract in question before the Court," and neither rendered findings on issues which it considered immaterial in view of its ruling on anticipatory breach nor accepted appellant's proposed findings upon such breach. The court likewise refused the requested relief as to appellant's claim to payments due at the time of trial and as to an injunction.

We consider, first, the issue as to the findings and the alleged anticipatory breach; second, the failure to give relief as to amounts allegedly due and unpaid at the time of trial.

The issue as to the findings is inseparable from that of the anticipatory breach. ■■■ While appellant contends the court both failed to find upon issues raised by the pleadings and refused to adopt proposed findings, the court was neither compelled to make findings upon immaterial issues nor to adopt appellant's proposed findings on such issues. (*Robb* v. *Cardoza* (1932), 127 Cal.App. 588 [16 P.2d 325]; *Gornstein* v. *Priver* (1923), 64 Cal.App. 249, 255 [221 P. 396]; *Imperial Water Co. No. 1* v. *Imperial Irrigation Dist.* (1923), 62 Cal. App. 286, 290 [217 P. 88].) ■■■ Findings on the allegations of appellant's first cause of action relating to respondent's alleged failure to pay two installments, his alleged repudiation, and his threats of refusal to pay, etc. (Paragraphs IV, V, VI, VII, IX and X), as well as findings as to these paragraphs incorporated by reference in the second count, become immaterial in the face of the court's finding that the doctrine of

anticipatory breach does not apply to the contract. Appellant's reliance upon *Del Ruth* v. *Del Ruth* (1946), 75 Cal.App. 2d 638, 644 [171 P.2d 34], does not affect the point, since, there, the only question related to the ineffectiveness of a waiver of specific findings in a divorce action when such findings were required in the absence of such waiver. Thus the court's failure in the instant case to find on the above-mentioned pleadings or to adopt appellant's proposed findings should be upheld if the court correctly resolved the basic issue of the anticipatory breach.

██ The question, here, pertains to the breach of a unilateral contract. Since the bilateral contract had been fully performed by the wife, it congealed, so far as the husband was concerned, into a unilateral contract. That the wife had completed her performance becomes manifest from the fact that she had no more to do; she renounced her rights to alimony, present and future, and at the time of the signature of the agreement, the renunciation was final. ██ As appellant herself states, "the right to alimony once waived cannot be regained." (*Fox* v. *Fox* (1954), 42 Cal.2d 49 [265 P.2d 881]; *Lane* v. *Lane* (1953), 117 Cal.App.2d 247 [255 P.2d 110]; *Carson* v. *Carson* (1960), 179 Cal.App.2d 665 [4 Cal.Rptr. 38].)

██ Despite appellant's cases and authorities, the trial court's ruling that the doctrine of anticipatory breach does not apply to a contract which has become unilateral because of the opposite party's full performance, finds uncontradicted support in California law. The leading California case, *Cobb* v. *Pacific Mutual Life Ins. Co.* (1935), 4 Cal.2d 565 [51 P.2d 84], holding that upon repudiation of a health and disability insurance policy the company does not become liable for the whole amount of future installments not yet due, states: "There can be no anticipatory breach of a unilateral contract. . . . It is also the law that a bilateral contract becomes unilateral when the promisee has fully performed. In the case at bar the promisee had fully performed." (P. 573.) "He was therefore within the exception stated in the rule which holds that no repudiation can amount to an anticipatory breach of the rest of the instalments not yet due." (P. 573.) Likewise, in a comparable action for installments due in the amount of $600 upon a contract for rendition of services for $1,000 payable in monthly installments, the court in *Farmer* v. *Mountain Lake Club* (1928), 94 Cal.App. 663 [271 P. 780], said: "While the contract recited a total consideration of

$1,000, it was payable in weekly installments, and contained no provision that the whole amount should become due and payable upon a failure to pay any one installment." (P. 664.) The court held ". . . as each installment fell due it created a cause of action, and a suit therefor would not be premature." (P. 664.)

The decision of the Court of Appeals, for the Ninth Circuit, in *John Hancock Mutual Life Insurance Co.* v. *Cohen* (1958), 254 F.2d 417, summarizes the California cases: ". . . we find no indication in the law of . . . California of an intent to depart from the majority view that unconditional unilateral contracts for the payment of money in installments are not the proper subjects for the doctrine of anticipatory breach." (P. 427.) (See also *Flinn* v. *Mowry* (1901), 131 Cal. 481, 486 [63 P. 724] ; *Clarey* v. *Security Portland Cement Co., Inc.* (1929), 99 Cal.App. 783, 787 [279 P. 483].)

Appellant cites cases which do not involve the exact situation of anticipatory breach of a unilateral contract, and she relies upon authorities which question the theory above stated. We shall consider both points; we turn first to the cases.

In *Guitron* v. *Rodriguez* (1930), 105 Cal.App. 513 [288 P. 134], cited by appellant, defendant entered into an oral contract for the purchase of a grocery store, promising to pay $3,700 : $1,000 down and the balance in installments of $150 per month. Having made the initial payment, defendant took possession, then repudiated the contract, and refused to make any further payments. The District Court of Appeal held that plaintiffs could recover damages based on future as well as presently due payments since ". . . the repudiation of an *executory* contract [emphasis added] results in a violation of the contract '*in omnibus.*' " *Ibid.*, page 514. The court neither discussed the fact that the contract, having been fully performed on one side, became unilateral, nor the effect of such performance on the applicability of the doctrine of anticipatory breach; instead, it assumed the contract to be bilateral.

*Pollack* v. *Pollack* (Tex. Com. App., 1931), 39 S.W.2d 853, appellant's next cited case, characterized by Williston as "extreme" (5 Williston on Contracts, 1330B, p. 3743) applies to the instant situation only by way of dicta, and the dicta, indeed, is not persuasive. In overruling a second motion for rehearing (*Pollack* v. *Pollack* (1932), 46 S.W.2d 292, 293), the court construes the contract as executory on both sides rather than as performed. The court further declares that, even assuming plaintiff's full performance, the doctrine of

anticipatory breach still governs, explaining that the English authorities, who originated the doctrine, apply it only to contracts not yet performed. The court recognizes that the "great weight of authority in America adheres to the English rule" (p. 293) but proceeds to state that, "Notwithstanding all this, we are constrained to hold that, since to except contracts performed on one side from the rule violates every reason that can be given for its existence in the first instance, and since this court has never committed itself to the exception, it should not now do so."

In support of *Pollack* v. *Pollack* (1931), *supra,* appellant cites *Pierce* v. *Tennessee C. I. & R. Co.* (1898), 173 U.S. 1 [19 S.Ct. 335, 43 L.Ed. 591]; *Roehm* v. *Horst* (1899), 178 U.S. 1 [20 S.Ct. 780, 44 L.Ed. 953], and *Parker* v. *Russell* (1882), 133 Mass. 74. In *Pierce* the contract in issue was executory on both sides. Such was also the situation in *Roehm,* although there several executory contracts, rather than one agreement, were in issue. Indeed, Chief Justice Fuller states, "In the case of an ordinary money contract, such as a promissory note, or a bond, the consideration has passed; there are no mutual obligations; and cases of that sort do not fall within the reason of the rule [of anticipatory breach]." (P. 17.) Assuming that the early Parker case expresses the Massachusetts rule, it is no more applicable in California than the previously discussed Pierce and Roehm cases.

Appellant's citation of comment (a), section 316, volume 1, Restatement of Contracts, succumbs to the section to which it is appended. The section states that "Where a unilateral contract, or a bilateral contract that has been wholly performed on one side, is for the payment of money in instalments or for the performance of other acts, not connected with one another by a condition having reference to more than one of them or otherwise, a breach as to any number less than the whole of such instalments or acts is partial." The comment elaborates upon the exception as to either installments or acts which are not connected by a condition relating to the remaining acts or installments; indeed it points out that the " . . . *acts* in such a series are more likely to be connected with one another than *instalments* of money." (Emphasis added.) Appellant cannot rely upon the Restatement as authority for the proposition that an anticipatory breach of contract is total in the instant case, in which "acts" are not involved but only "instalments," which are themselves not interrelated.

The cases cited by appellant in connection with the comment, *Coughlin* v. *Blair* (1953), 41 Cal.2d 587 [262 P.2d 305] and *Gold Min. & Water Co.* v. *Swinerton* (1943), 23 Cal.2d 19 [142 P.2d 22], entailed the repudiation of obligations calling for the performance of acts rather than the payment of money in installments. In *Coughlin* the acts composed the rendition of certain improvements to real estate; in *Gold Min. & Water Co.*, the involved lease provided for the maintenance, improvement and working of the leased mine, as well as for the payment of royalties; indeed, the court stated, "It is not like the case of money payable in fixed installments." (P. 30.) In both cases, therefore, the comment applied "because of the comparative importance of having *all the acts* performed in order to achieve the object of the contract." (Comment (a), § 316, vol. 1, Rest., Contracts.) (Emphasis added.)

In the instant case we have a converse situation. The main objective of the contract is not frustrated by the repudiation; the payment of the amount due upon the fixed dates fulfills its underlying purpose. The payments are separable and divisible. The default in one, even though concomitant with a renunciation of the whole contract, does not preclude performance of the remainder. The series of acts are not so connected that the omission of one affects the totality; the purpose of the covenant may be achieved even though a single payment may fail.

Professor Corbin has severely criticized the nonapplicability of the anticipatory breach doctrine to a contract which the complaining party has fully performed (4 Corbin on Contracts, § 962 *ff*, p. 864 *ff*). The rationale for the orthodox position resides in the fact that the party who has fully performed need only await counterperformance; he is entitled to no more than such performance upon the future dates to which he has agreed. On the other hand, the party who has not yet performed must be ready to, or actually, undertake, further performance. To call upon him to do so in the face of a repudiation of the other contracting party may cause him unmerited hardship. Hence his claim for immediate total performance is greater than that of his dormant counterpart who has fully performed. But the dissenting critics point out that to gain a rather tenuous "logical consistency," we incongruously award judgment for future installments to the party who has not yet performed, and deny such judgment to the party who has fully performed.

In an age in which the installment contracts have had a wide and varied application, and a large proportion of the population has become obligated upon them, we cannot facilely change the accepted rules. "Since the World War ending in 1918, there has been a tremendous expansion in the volume of consumption goods bought on the instalment plan. This has now become the customary and accepted method of buying homes, automobiles, electric refrigerators, air conditioning and heating plants and other types of expensive household furnishings and equipment." ("Instalment Selling,") 12 Encyclopedia Britannica (1954), page 425. A ruling that the whole amount becomes due upon an installment contract, when executed by one party and repudiated by the other, could work social consequences which we are neither prepared to evaluate nor to engender.

Whatever the theoretical considerations may be, the courts, as we have shown *supra,* have not applied the doctrine of anticipatory breach, which is itself a judicial innovation in the preexisting rules of the common law, to the breach of unilateral contracts or agreements fully performed by the complaining party. (1 Witkin, Summary of California Law, § 302; 5 Williston on Contracts, § 1328.) That the judicial journey of improvisation should not have stopped at the point of the bilateral agreement, but should have proceeded to the unilateral agreement and to the bilateral contract fully performed on one side, may be argued persuasively; California law, however, has marked the stopping place, and we accept it.

Appellant finally contends that even assuming the inapplicability of the doctrine of anticipatory breach, she should at least recover judgment for the two installments admittedly due at the date of the filing of the complaint, as well as for the payments which accumulated to the date of trial, April 1, 1959.

As to the claim for the $350, we have pointed out that the respondent remitted a check in that amount to appellant's lawyer, who purportedly placed it "in trust" for appellant. By accepting and cashing the check and holding the proceeds for appellant, her counsel in effect accepted payment, despite the claimed restriction (*Antonino* v. *Renz* (1936), 16 Cal.App.2d 463, 466 [60 P.2d 877]; Code Civ. Proc., § 283; Civ. Code, § 2318).

As to the claim for the installments accrued and unpaid at the date of trial, we do not believe the rules of procedure should be so narrowly applied as to preclude such relief.

■ Civil Code, section 3283, provides that, "Damages may be awarded, in a judicial proceeding, for detriment resulting after the commencement thereof . . ." No supplemental pleading is required so to recover. (*Hicks* v. *Drew* (1897), 117 Cal. 305 [49 P. 189]; *Berry* v. *Bank of Bakersfield* (1918), 177 Cal. 206 [170 P. 415].) ■ According to section 580 of the Code of Civil Procedure, the court, in a case in which an answer is filed, may "grant [the plaintiff] any relief consistent with the case made by the complaint and embraced within the issue." ■ In *Bank of America National Trust & Savings Assn.* v. *Gillett* (1940), 36 Cal. App.2d 453 [97 P.2d 875], the court laid down the principle that, ". . . forms of pleading are of no importance if the pleading in substance states the facts showing the relief to which the pleader is entitled. In such a case the pleader may have the relief which the facts established justify, though that relief may not be exactly what he thought he was entitled to. (*Brown* v. *Anderson-Cottonwood Irr. Dist.*, 183 Cal. 186, 188 [190 Pac. 797]; *Zellner* v. *Wassman*, 184 Cal. 80, 88 [193 Pac. 84].)" (P. 455.)

■ Applying this principle to the present case, it is self-evident that, since appellant sought recovery of all installments provided by the contract, embracing those yet to accrue, she included those installments already accrued and unpaid. Appellant testified, without contradiction, that the installments now in question had not been paid at the time of the trial. The reach of her whole showing, thus, signified that if the total amount could not be recovered, she sought that part which could be awarded: that is, the "relief consistent with the case made by the complaint and embraced within the issue." (Code Civ. Proc., § 580.) She requested findings that respondent "had made no further payments . . . to the date of trial." To require her now to institute a new action to recover those installments which were apparently due at the time of trial would be to impose a further procedural step which could cause her undue and unnecessary hardship. We do not believe we must apply procedural rules with such rigidity. (*Keyes* v. *Moy Jin Mun* (1902), 136 Cal. 129 [68 P. 476]; *Brix* v. *Peoples Mut. Life Ins. Co.* (1935), 2 Cal.2d 446 [41 P.2d 537]; *Elliott* v. *Agajanian* (1937), 19 Cal.App.2d 244 [64 P.2d 1159].)

In conclusion upon the main issue, we hold that the total recovery sought here is foreclosed by the embedded rule that the doctrine of anticipatory breach does not apply to an in-

stallment contract which has been fully performed by the adverse party.

We affirm the judgment in all respects except as to installments due and unpaid at the date of trial; with respect to such installments, we reverse the judgment and direct the trial court to determine the amount of installments due and unpaid, at the date of trial and to render judgment to appellant for such amount. Appellant shall recover costs on appeal.

Bray, P. J., and Duniway, J., concurred.