[Civ. No. 25671. First Dist., Div. Three. Dec. 17, 1969.]

GARAGE AND SERVICE STATION EMPLOYEES UNION,
LOCAL 665, Plaintiff and Appellant, v.
PACIFIC MUTUAL LIFE INSURANCE CO.,
Defendant and Respondent.

## COUNSEL

Albert C. Wollenberg, Jr., and Roger H. Bernhardt for Plaintiff and Appellant.

Pillsbury, Madison & Sutro, Francis N. Marshall and Richard W. Odgers for Defendant and Respondent.

## OPINION

**BROWN (H. C.), J.**—The Garage and Service Station Employees Union Local 665 (Union) appeals from a judgment on the pleadings awarded Pacific Mutual Life Insurance Co. (Pacific Mutual) in an action on a group life insurance policy.

The union contends that its complaint, which the trial court found vulnerable to attack by a motion for judgment on the pleadings, states a cause of action. Fourteen union members claim that they came within the extended insurance and waiver of premium provisions of the policy by reason of their total disability and have been deprived of insurance protection by the wrongful repudiation of the policy by Pacific Mutual.

The complaint contains 14 counts, one for each union member claimant. Each count alleges (1) the issuance in 1961 by Pacific Mutual to the union of a life insurance policy for the union member with death benefits in the sum of $700; (2) the membership in the union by the 14 claimants; (3) the total disability of the members entitling them to extended insurance and waiver of premiums; (4) that Pacific Mutual repudiated its obligations under the policy on October 9, 1963; (5) that the claimants have been deprived of their insurance protection by the wrongful repudiation to their damages in the face amount of the policy; and (6) that the claims of the members were assigned to the Union.

Count 12 includes the allegations contained in the other counts and also alleges the death of the union member named therein.

The policy was incorporated in the complaint as an exhibit.[1]

Two pertinent provisions are quoted from the policy as follows: "Permanent total disability, within the meaning of this section, is defined as disability resulting from bodily injury or disease which prevents engagement in any occupation for compensation or profit and which has existed continuously for a period of at least nine months. If, before the discontinuance of premium payments hereunder for any Individual or within twelve months thereafter, written proof is received at the Home Office of the Insurance Company that permanent total disability, as above defined, of such Individual began while such Individual was insured hereunder and was under age sixty, the insurance will be extended, without payment of premiums, during the further continuance of such permanent total disability for a period of one year from the receipt of such proof and for successive further periods of one year each during the continuance of such disability, provided proof of its continuance is submitted to the Home Office of the Insurance Company in writing within the three months preceding each such year.

" . . . . . . . . . . . . . . . . .

"The Insurance Company shall have the right and opportunity to have the Individual examined when and as often as it may reasonably require during disability, but not more often than once a year after his insurance has been extended under this section for two full years.

"If the Individual ceases to be so disabled and is then eligible for insurance under this policy, insurance will be continued only if premium payments are resumed. If the Individual ceases to be so disabled and is not then eligible for insurance under this policy, or *if this policy is discontinued with respect to the class of Individuals of which he was a member when he became so disabled, the insurance will automatically terminate thirty-one days thereafter,* except that irrespective of the continuance of disability the insurance under this section will automatically terminate thirty-one days after the end of any year during which the Individual fails to furnish proof of the continuance of disability as hereinabove required or thirty-one days after refusal of the Individual to be examined as hereinabove provided. . . ." (Italics added.)

---

[1]The policy also stated in part as follows: " 'FACILITY OF PAYMENT. The Insurance Company may, at its option, pay an amount not to exceed $700.00 of the amount of the death benefit becoming payable by reason of the death of an Individual to any person appearing to the Insurance Company to be equitably entitled thereto because of expense incurred in connection with the last illness and burial of such Individual. The liability of the Insurance Company shall thereby be discharged to the extent of the amount so paid.' "

Filed with the record on appeal by the union is a letter dated October 9, 1963, from Pacific Mutual to a member of the union (with a copy to the union), which letter purports to be the repudiation by Pacific Mutual. The letter is as follows:

"We write this in reference to the extension of your Group Life Insurance benefits on total disability under policy No. GL-6217.

"This policy, issued to the Garage and Service Station Employees, Local Union No. 665, was cancelled by them effective August 31, 1963.

"Since the plan cancelled, your insurance under the Extended Insurance provisions on total disability also was cancelled as of August 31, 1963.

"We regret that we cannot be of further service to you under this contract."

Pacific Mutual in its answer denied the allegations of the complaint and set forth as affirmative defenses that (1) the union cancelled the policy on August 31, 1963, some 39 days prior to the letter of October 9, the date of the alleged repudiation, and that thereafter no premiums were paid on the policy; (2) that the union failed to comply with the policy's provisions relative to giving notice of the disability of the 14 claimants, and (3) that the assignment by the members of their claims to the union is prohibited by the terms of the policy and by Insurance Code section 10203, subdivision (f).

■ The policy issued to the union by Pacific Mutual is a life insurance policy. Death of a member is the insured event. There is a waiver of premium when the insured member becomes disabled, but if the disabled member recovers, the premium payments must be resumed. Continuance of the disability and the death of the insured member are conditions precedent to liability of Pacific Mutual for the payment of the benefits provided in the policy.

The union contends, however, that an anticipatory breach occurred and that it could bring this action prior to the time agreed upon for performance by Pacific Mutual and prior to the occurrence of the insured event.

In support of its contention, the union relies on the case of *Caminetti* v. *Pacific Mut. Life Ins. Co.,* 23 Cal.2d 94 [142 P.2d 741], which allowed recovery for anticipatory repudiation of an insurance policy. In *Caminetti* the court said: "The wrongful cancellation of a contract of insurance under the certain circumstances is somewhat analogous to a breach by anticipatory repudiation. In the instant case the old company is insolvent and is being liquidated. It cannot perform under the noncancellable policies it had

issued. They have been in effect cancelled. The situation is thus analogous to a breach by anticipatory repudiation. Anticipatory breach is recognized in California. (6 Cal.Jur. 457.) Upon the repudiation the promisee may immediately bring an action for future damages. . . ." (P. 104.)

*Caminetti* is distinguishable from the instant case. There the insurance company had failed and its management was in the control of the insurance commissioner. Claims had been filed with the commissioner and the action was instituted on behalf of dissatisfied insured persons. The court was concerned with a total involuntary repudiation of the contract, i.e., insolvency of the insurance company which rendered it beyond its power to respond in the future to damages. The insureds there were deprived of the protection against possible future loss which had been secured by the policy of insurance.

In the case before us there was not involved the issue of damages for total repudiation. There is no contention that Pacific Mutual cannot in the future respond for future damages. There is no suggestion that Pacific Mutual is insolvent or is about to terminate its affairs. It denied liability to one union member by its letter of October 9, 1963, on the basis of the *cancellation of the policy by the union.* Pacific Mutual was not repudiating its obligation under the policy. It was adhering to its terms when it advised the member that the policy had been cancelled by the union. A failure to so act on a claim could be construed as a waiver or an estoppel. Its denial of liability did not adjudicate the rights of any member. This adjudication is for the court. Whatever rights existed at the time of the denial of liability could be presented at the time of the occurrence of the insured event. The union members need not, however, be left in a quandary as to whether or not they are insured. If the union was desirous of establishing the members' rights under the policy, it would seem that it need not await the day of disaster, i.e., the death of the insured before asserting its right. A suit for declaratory relief under section 1060 of the Code of Civil Procedure would be the appropriate remedy. The rights of the insured could be defined by such procedure without depriving Pacific Mutual of the use of funds which it would, in any event, be entitled to retain and invest to its profit until the occurrence of the insured event.

Even if the union proves all of the allegations in its complaint, it would not now be entitled to the benefits provided in the policy. Before liability for those benefits accrue, it must be established that the claimant's total disability continued to the time of death or, in the event of his recovery, that premium payments were resumed while the policy was in full force and effect. Here there could be no resumption of payment of premiums in the event of recovery by the disabled member or any of them as the union had

cancelled the policy. All that can be proved by the union under the allegations of the complaint is that Pacific Mutual may have erred in its interpretation as announced in the letter of October 9, 1963, denying liability under the policy.

Williston (*Repudiation of Contracts*, 14 Harv. L.Rev. 421, 428) states: "From a technical point of view, it seems obvious that in an action on a contract the plaintiff must state that the defendant broke some promise which he had made. If he promised to employ the plaintiff upon June 1, the breach must be that he did not do that. A statement in May by the defendant that he was not going to employ the plaintiff upon June 1 can be a breach only of a contract not to make such statements. . . ."

■ We have concluded that the group life policy here has become a unilateral contract, and it is well settled that no cause of action will lie for anticipatory breach of a unilateral contract in California. (See *Mobley* v. *New York Life Ins. Co.*, 295 U.S. 632 [79 L.Ed. 1621, 55 S.Ct. 876, 99 A.L.R. 1166]; *Cobb* v. *Pacific Mut. Life Ins. Co.*, 4 Cal.2d 565 [51 P.2d 84]; *Brix* v. *Peoples Mut. Life Ins. Co.*, 2 Cal.2d 446 [41 P.2d 537]; *Minor* v. *Minor*, 184 Cal.App.2d 118, 126 [7 Cal.Rptr. 455].)

The court in *Cobb* v. *Pacific Mut. Life Ins. Co.*, *supra*, when the question was presented to the court as to whether the doctrine of anticipatory breach is applicable to a policy of insurance, stated: " 'The books are filled with cases in which actions have been brought to recover upon insurance policies similar to the one here involved in which the insured has attempted to recover judgment not only for accrued payments, but has also sought an adjudication as to instalments not yet due. While the decisions upon the right of the plaintiff in such character of actions to recover for instalments which have not yet accrued are not entirely uniform, the great weight of authority is to the effect that, in such actions, recovery cannot be had for any instalments falling due in the future. . . . [Citations.]' " (P. 571.)

In *John Hancock Mut. Life Ins. Co.* v. *Cohen*, 254 F.2d 417, where contentions were made by the plaintiff similar to those made by the Union here, the court said: "We conclude the general rule to be that the doctrine of anticipatory breach has no application to suits to enforce contracts for future payment of money only, in installments or otherwise. [Citations.] (P. 426.)

". . . . . . . . . . . . . . . . . . .

"It is our conclusion that the theory of anticipatory breach is not here applicable—to make it so where the defendant insurer had disputed liability in good faith would change the terms of the contract executed by the insurer

and force him to pay now what he contracted to pay later; . . ." (P. 427.) (See also 11 Williston on Contracts, § 1328, p. 159; *Mobley* v. *New York Life Ins. Co., supra,* 295 U.S. 632.)

We have concluded that the trial court, with the exception of count 12, correctly granted a judgment on the pleadings as to all other counts. ■ Count 12 alleges that the insured member, Raymond P. Antetomoso, was disabled at the time of the repudiation and is now deceased.[2]

Count 12 of the complaint does not allege that the member was disabled while the policy was in effect, or that notice was given, as required by the policy, or that his disability continued to the time of death, if that is the fact. The importance of these factors cannot be minimized as the policy provides that in the event of cancellation of the policy by the union, liability to members coming within the provisions of the extended insurance provisions of the policy would be for 31 days after such cancellation.

The allegation in the complaint as to the assignment of the policy by the beneficiary to the union is also subject to question because of the prohibition in the policy and in Insurance Code section 10203, subdivision (f) prohibiting such assignment. But these are evidentiary issues; the answers to which may not be inferred in the consideration of a motion for judgment on the pleadings. (See *Carlson* v. *Lindauer,* 119 Cal.App.2d 292 [259 P.2d 925].)

Whether (1) the disability or death of the union member occurred while the policy was in force or after cancellation by the Union, or (2) whether the union member claimant came within the extended insurance provisions of the policy, or (3) whether there was a permissible assignment from the insured member to the union are all matters not subject to an inference adverse to the union and must be established either at trial or by motion for summary judgment when facts can be presented.

A liberal construction of the complaint under the rule pertaining to motion for judgment on the pleadings leads us to conclude that a cause of action has been stated on behalf of the deceased member as the allegations pertaining to him are not for an anticipatory breach. The insured event has occurred. The complaint states a cause of action for benefits under the policy.

The judgment is affirmed as to all counts except count number 12. As to

---

[2]It is noted that appellant's brief claims four other members named in the complaint have died and two members who were disabled have returned to work since the institution of these proceedings, but there has been no amendment to the complaint and this assertion is not conceded by Pacific Mutual and may not be considered here.

member Raymond P. Antetomoso in count 12, the judgment is reversed. The order denying plaintiff's motion to strike certain affirmative defenses is affirmed. Parties to bear their own costs on appeal.

Draper, P. J., and Caldecott, J., concurred.